IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| UNITED STATES OF AMERICA,     ) | |
| ) | |
|        Plaintiff,     ) | |
| ) | |
| v.                      ) | No.  08-10141-03 WEB |
| ) | |
| RICHARD SEBBO,       ) | |
| ) | |
|        Defendant.   ) | |
| ) | |

**Memorandum and Order**

This matter came before the court on the defendant's objections to the Presentence

Report (PSR) and for sentencing.  The court orally denied the objections at the sentencing

hearing of April 20, 2009.  This written memorandum will supplement the court's oral ruling.

I. *Objections*.

The defendant Richard Sebbo pled guilty to one count of unlawful possession with intent

to distribute 12 pounds of marijuana.  The PSR determined that the defendant was also

responsible for four pounds of methamphetamine under the relevant conduct provisions of the

guidelines.  PSR ¶ 30.  Defendant's first three objections argue that there is insufficient reliable

evidence to support the inclusion of the 4 pounds of methamphetamine in relevant conduct.

Defendant argues the Government's wiretap evidence is ambiguous as to whether he and a co-

defendant were discussing methamphetamine purchases, and he claims it is also ambiguous with

respect to any quantities involved.  He points out that no seizures of methamphetamine were tied

directly to him, and he argues that the conversations are "ambiguous at best."

In drug offenses, relevant conduct includes acts or omissions of the defendant that were

part of the same course of conduct or common scheme or plan as the offense of conviction.

USSG 1B1.3(a)(2).  "Types and quantities of drugs not specified in the count of conviction may

be considered in determining the offense level."  USSG § 2D1.1, comment. n. 12.  When

narcotics are not seized, the district court may estimate the drug quantity for sentencing, so long

as the information relied upon has some basis of support in the facts of the particular case and

bears sufficient indicia of reliability.  *See United States v. Verdin-Garcia*, 516 F.3d 884, 896

(10th Cir.2008).

    The Government presented testimony at the sentencing hearing from Detective Kevin

Real of the Wichita Police Department.  Detective Real's testimony established by a

preponderance of the evidence that the defendant engaged in numerous phone calls with co-

defendant Tommy Fernandez concerning the purchase and sale of large quantities of

methamphetamine.  Real's testimony established that the code words used by the participants in

the conversations (including "pink" and  "lunch") referred to methamphetamine.  Real's

conclusions that the parties were discussing one or two-pound quantities of methamphetamine

were amply supported by Real's knowledge and experience and the conversations themselves,

and well as by corroborating circumstances, including the various seizures made in the course of

the investigation.  Those seizures included over $100,000 in cash, two pounds of

methamphetamine in the possession of Tommy Fernandez, and a large quantity of MSM (a

known cutting agent for methamphetamine) in defendant Sebbo's possession.  These and the

other circumstances shown by the Government persuade the court that the defendant was

involved with Fernandez in the purchase and sale of at least four pounds of methamphetamine.

The court thus concludes that the PSR properly included this amount in the offense level, and

that the guideline range of 60 months (the statutory maximum for the marijuana offense) was correctly calculated.

The defendant's final objection concerned a conclusion in the PSR that a reference in one of the phone calls to extra "girls" was a code word meaning cocaine. PSR ¶ 149. Although the Government's evidence was sufficient on this point (when Fernandez asked if the "girl" was "real cool," the defendant responded that it "was nothing you could cook with"), there was no cocaine amount included in the defendant's offense level. Accordingly, the objection is denied as moot.

*Conclusion*.

The defendant's objections to the Presentence Report are DENIED. The Probation Officer in charge of this case shall see that a copy of this order is appended to any copy of the Presentence Report made available to the Bureau of Prisons. IT IS SO ORDERED this 21st day of April, 2009, at Wichita, Ks.

s/ Wesley E. Brown
Wesley E. Brown
U.S. Senior District Judge